J-S25007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZYEN COKER :
:
Appellant : No. 2700 EDA 2022

Appeal from the Judgment of Sentence Entered June 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001203-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZYEN COKER :
:
Appellant : No. 2701 EDA 2022

Appeal from the Judgment of Sentence Entered June 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001205-2020

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 13, 2023**

Appellant Zyen Coker appeals from the judgments of sentence imposed

following his convictions for two counts of robbery and related offenses. On

appeal, Appellant challenges the factual basis for his guilty plea and the

discretionary aspects of his sentences. We affirm.

The trial court set forth the following factual and procedural history:

The first incident . . . occurred on December 16, 2019, at approximately 10:45 a.m. Appellant and his accomplice, Seanah Williams (hereinafter "Ms. Williams") were caught on video following Complainant Barbara Lee (hereinafter "Ms. Lee"), a 57-year-old grandmother and school bus monitor, near the 900 block of North St. Bernard Street. Ms. Williams blocked Ms. Lee's path, while Appellant pointed a sawed-off shotgun at her, ordering the [victim to] surrender . . . her purse. Instead, Ms. Lee threw her lunch bag at Appellant, then fled to a store on 50th and Westminster Avenue where she called the police.

The second incident . . . occurred later that afternoon around 1:00 p.m. Complainant, a 20-year-old woman identified as D.S., was walking down North 48th Street when Appellant approached and asked to borrow her cell phone. Appellant then pointed a sawed-off shotgun at her and demanded her belongings. D.S. emptied her bag, and Appellant absconded with her cell phone.

Appellant was arrested in a vehicle stop . . . three days later, in possession of a sawed-off, double-barreled . . . shotgun, and one (1) matching twelve (12)-gauge live round. A search warrant executed on Appellant's home revealed two (2) federal 12-gauge live rounds, a cracked cell phone belonging to D.S., and clothing matching [the assailant's] attire as described by the victims on the date of the incident.

\* \* \*

[Appellant] was arrested in [both] matters . . . . On the first docket, CP-51-0001203-2020 (hereinafter "Case 1"), Appellant was charged with robbery (F1), conspiracy (F1), carry firearms in public [in Philadelphia] (M1), theft by unlawful taking (M1), receiving stolen property (M1), possession of an instrument of crime (M1), simple assault (M2), and recklessly endangering another person (M2).[1]

On the second docket, CP-51-0001205-2020 (hereinafter "Case 2") Appellant was charged with robbery (F1), carrying firearms without a license [(VUFA-6106)] (F3), carrying firearms in public [in Philadelphia] (M1), theft by unlawful taking (M1), receiving stolen property (M1), possession of an instrument of crime (M1), making repairs or selling offensive weapons (M1), simple assault

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 6108, 3921(a), 3925(a), 907(a), 2701(a), and 2705, respectively.

(M2), and recklessly endangering another person (M2).[2] The cases were consolidated before the [trial court] and Appellant entered an open guilty plea on all charges from both dockets on December 16, 2021.

On June 16, 2022, Appellant was sentenced on both matters. For Case 1, Appellant received a sentence of three-and-a-half (3 ½) to seven (7) years' incarceration on both the robbery and conspiracy charges, each to run concurrently, with no further penalty on the remaining charges. On Case 2, Appellant[] received a sentence of three-and-a-half (3 ½) to seven (7) years' incarceration on both the robbery and carrying firearms without a license charges, also to run concurrently, with no further penalty on the remaining charges. The [trial court] further ordered the sentences on the two cases to run consecutively for an aggregate period of seven (7) to fourteen (14) years' incarceration.

Trial Ct. Op., 1/4/23, at 3, 1-2 (formatting altered, and citations and footnotes omitted).

Appellant timely filed a motion to reconsider sentence, which was denied by the trial court on October 3, 2022. Appellant subsequently filed notices of appeal in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its progeny, and complied with the directives of Pa.R.A.P. 1925(b). The trial court subsequently filed an opinion addressing Appellant's claims.[3]

Appellant raises the following issues, which we have reordered as follows:

1. At the open guilty plea, was there an insufficient factual basis for the charge of VUFA-6106, as the Commonwealth failed to proffer in its facts recitation that the shotgun's barrel length

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6106(a)(1), 6108, 3921(a), 3925(a), 907(a), 908(a), 2701(a), and 2705, respectively.

[3] This Court consolidated Appellant's appeals *sua sponte*. **See** Order, 1/3/23.

was less than 18 inches long and that the shotgun's overall length was less than 26 inches?

2. Did the trial court abuse discretionary aspects of sentencing in fashioning a consecutive-in-nature sentence that was much more than necessary to protect the public, vindicate the complainants and where [] Appellant had a prior record score of "0" and great potential for rehabilitation. The aggregate sentence of 7 to 14 years of incarceration was excessive in light of the various mitigating factors, to include Appellant's acceptance of responsibility, his great remorse, work history and strong familial support. Additionally, the sentence was excessive in light of the disparity with a co-defendant's sentence, which was 11 ½ to 23 months of incarceration with immediate parole to house arrest, and which was entered after a waiver trial while Appellant accepted responsibility and pled guilty?

3. Although the sentence on VUFA-6106 was entered concurrently to the sentence on the robbery, was the sentence of 3 ½ to 7 years of incarceration on VUFA-6106 nonetheless excessive, as it was an upward departure from the guidelines, where there were mitigating factors that warranted a lower sentence, to include Appellant's acceptance of responsibility, his great remorse, work history and strong familial support?

Appellant's Brief at 4 (formatting altered).

In his first issue, Appellant challenges the factual basis for his guilty plea. *Id.* at 22. However, before addressing this claim, we must determine whether Appellant has properly preserved the issue for our appellate review.

It is well settled that to preserve a challenge to the validity of a plea, a defendant must either object during the colloquy, or raise the issue at the sentencing hearing, or in a post-sentence motion. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, the trial court concluded that Appellant waived this issue by failing to raise it during the colloquy, at sentencing, or in his post sentence motion. *See* Trial Ct. Op. at 9. Following our review of the record, we agree with the trial court that this claim is waived. *See Monjaras-Amaya*, 163 A.3d at 468-69; *see also* Pa.R.A.P. 302(a). Therefore, Appellant is not entitled to relief on this issue.

**Sentencing Claims**

In his remaining issues, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 14-19. First, Appellant contends that the trial court abused its discretion when it imposed consecutive sentences for the two robbery convictions. *Id.* at 14. Specifically, Appellant argues that the trial court's judgment of sentence was "much more than necessary to protect the public, vindicate the complainants," and that Appellant has a "great potential for rehabilitation." *Id.* Appellant further argues that the trial court failed to adequately consider Appellant's mitigating factors and that his sentence was excessive when compared to the sentence that his co-defendant received. *Id.*

Appellant also claims that his VUFA sentence was "excessive, as it was an upward departure from the guidelines" and there were mitigating factors that warranted a lower sentence, including "Appellant's acceptance of responsibility, his great remorse, work history and strong familial support." *Id.* at 18.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms

- 6 -

which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record confirms that Appellant preserved his sentencing claims in a post-sentence motion, filed a timely notice of appeal, and included the issues in his Rule 1925(b) statement. Appellant has also included a Rule 2119(f) statement in his brief. Additionally, we conclude that Appellant has raised a substantial question for review. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 535-36 (Pa. Super. 2023) (finding a substantial question for review where the defendant "pair[ed] an excessive sentence claim with an assertion that the [trial] court failed to consider mitigating evidence" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the

- 7 -

application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted). Where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.  [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

Here, at sentencing, the trial court stated:

I will show some mitigation towards you because you did enter into a plea in this matter.  I'm also going to show you some mitigation because of your mother.  I'm taking into consideration the victims in this case.  The fact that one of them was elderly. . . .

\*     \*     \*

And in determining the sentence, I've taken into account the need to protect the public, the gravity of the offense as it relates to the impact on the lives of both victims and on the community, as well as the rehabilitative needs of [Appellant].

I've also considered the sentencing guidelines in this matter, the [PSI] report, testimony of [Appellant's] mother presented today as well as that of [Appellant], the letter he prepared, [and] arguments of both counsel.

N.T. Sentencing Hr'g, 6/16/22, at 28-30.

In its Rule 1925(a) opinion, the trial court further explained:

The [trial court's] sentence was not excessive, as Appellant's individual crimes merit separate and defined penalties.  He was convicted of victimizing two women in distinct but disconcertingly similar offenses, executed mere hours apart.  In doing so, the

[trial court] imposed a stern yet reasonable sentence which adhered to the sentencing guidelines and application of the deadly weapon enhancement. *See* 204 Pa. Code § 30[3].17(b). In fact, Appellant's minimum sentence per conviction was forty-two (42) months, at the lower end of the guidelines, the maximum of which was sixty-six (66) months. In fact, the [trial court] afforded mitigation for Appellant's decision to enter into a plea and the statement provided at sentencing provided [by] Appellant's mother. However, the [trial court] is not required to show any additional leniency for his presumed "remorse, work history, and [familial] support" per the 1925(b) statement. Appellant's contention that his sentence represents an "upward departure" is baseless, considering the gravity of Appellant's crimes and the [trial court] was well within its rights to sentence [Appellant to] consecutive terms.

Trial Ct. Op. at 6-7 (formatting altered and some citations omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. In addition to ordering a PSI report, the record reflects that the trial court expressly considered the mitigating factors when imposing Appellant's sentence. *See Kurtz*, 294 A.3d at 536 (stating that "all the Sentencing Code requires is that the court consider all of the relevant factors when imposing the sentence" (citation omitted)); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court's where the lower court was fully aware of all mitigating factors). Under these circumstances, we have no basis to conclude that the trial court's sentences were unreasonable. For these reasons, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/13/2023</u>